FILED
SUPERIOR COURT
OF GUAM

2022 FEB 25 PM 2:27

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. **CF0157-21** |
| vs. | **DECISION AND ORDER** |
| **JEROME CAMACHO CRUZ aka Jerome Anthony Camacho Cruz aka Anthony,** | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on November 5, 2021, for hearing on Defendant **JEROME CAMACHO CRUZ aka Jerome Anthony Camacho Cruz aka Anthony's** ("Defendant") Motion to Dismiss Count 4 Charges 1 and 2 for Violation of 8 GCA § 50.42. Defendant was present with counsel, Jeffrey A. Moots,[1] and Assistant Attorney General Sean E. Brown was present on behalf of the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On April 1, 2021, Defendant was indicted with the following charges: (1) Possession of a Schedule II Controlled Substance with Intent to Deliver (As a First Degree Felony); (2) Possession of a Schedule II Controlled Substance (As a Third Degree Felony); (3) Possession of

---

[1] Attorney Moots has since withdrawn as counsel for Defendant. Attorney Gloria A.L. Rudolph was appointed as Defendant's counsel in this matter on January 24, 2022. *See* Notice of Court Appointed Counsel, Jan. 24, 2022.

a Firearm Without a Firearms Identification Card (As a Third Degree Felony) – 2 Counts; (4) Possession of an Unregistered Firearm (As a Third Degree Felony) – 2 Count; (5) Violation of a Court Order (As a Misdemeanor); and (6) Violation of a Court Order (As a Misdemeanor) – 4 Counts.[2] (Indictment, Apr. 1, 2021). Each of the felony charges and counts also has an attached Notice: Commission of a Felony While on Felony Release. *Id.*

On October 5, 2021, Defendant filed the instant Motion to Dismiss. On October 13, 2021, the Government filed its Opposition. On October 25, 2021, Defendant filed his Reply.

After hearing brief argument on the Motion on November 5, 2021, the Court gave the parties leave to file supplemental briefing.[3] On December 3, 2021, the Government filed its Proposed Findings of Fact and Conclusions of Law, and on December 10, 2021, Defendant filed his proposed Findings of Fact and Conclusions of Law. The Court subsequently placed the matter under advisement.

## DISCUSSION

Defendant moves the Court to dismiss the Fourth Charge of Possession of an Unregistered Firearm (As a Third Degree Felony) – Counts One and Two[4] because insufficient evidence was presented to the grand jury from which it could have found probable cause. The Fourth Charge of the Indictment reads in relevant part as follows:[5]

### CHARGE FOUR

### Count One

On or about the 22nd day of March, 2021, in Guam, **JEROME CAMACHO CRUZ** (aka **Jerome Anthony Camacho Cruz**, aka **Anthony**) did commit the

---

[2]  The Indictment also charges co-defendant Kailene Isabel Pangelinan Mendiola with (1) Possession of a Schedule II Controlled Substance (As a Third Degree Felony) and (2) Possession of a Schedule IV Controlled Substance (As a Third Degree Felony) – 2 Counts.

[3]  On November 5, 2021, the Court also received evidence on Defendant's Motion to Suppress. That Motion will be addressed in a separate Decision and Order.

[4]  Although the Motion to Dismiss is captioned and requests dismissal of "Count 4 Charges 1 and 2," the Court notes that the Motion refers to the charge of violating 10 GCA § 60121(a), which is Charge Four of Possession of an Unregistered Firearm.

[5]  Each count of the Fourth Charge also has attached a Notice: Commission of a Felony While on Felony Release.

offense of *Possession of an Unregistered Firearm (As a 3rd Degree Felony),* in that he knowingly possessed a firearm, specifically a *rifle,* which was not at the time registered, in violation of 10 GCA § 60121(a).

### Count Two

On or about the 22nd day of March, 2021, in Guam, **JEROME CAMACHO CRUZ** (aka **Jerome Anthony Camacho Cruz,** aka **Anthony**) did commit the offense of *Possession of an Unregistered Firearm (As a 3rd Degree Felony),* in that he knowingly possessed a firearm, specifically a *pistol,* which was not at the time registered, in violation of 10 GCA § 60121(a).

(Indictment, Apr. 1, 2021). Defendant argues that "no evidence was presented to the grand jury regarding the registration or the lack of registration of the two firearms." (Mot. Dismiss at 2, Oct. 5, 2021). In response, the Government "concede[s] no evidence was presented definitely showing that the firearms were unregistered," but set forth that "the standard for establishing probable cause is only reasonable belief, and from the facts in this case that were presented to the grand jury, it could have reasonably believed that: (1) the firearms were not registered to the Defendant; and (2) he, therefore, knowingly possessed unregistered firearms as charged in Counts 1 and 2 of the Fourth Charge." (Opp'n at 3, Oct. 13, 2021).

The "grand jury serves a gatekeeping function by considering the sufficiency of the evidence to support an indictment." *People v. San Nicolas,* 2013 Guam 21 ¶ 11 (internal citation omitted). "[T]he grand jury shall find an indictment when from the evidence presented, there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it." 8 G.C.A. § 50.54. *See also San Nicolas,* 2013 Guam 21 ¶ 10 ("An indictment will not be set aside or a prosecution thereon prohibited if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it."); *Costello v. United States,* 350 U.S. 359, 363 (1956) ("An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits.").

Under Guam law, it is a criminal offense to knowingly own or possess an unregistered firearm. 10 G.C.A. § 60121(a).

Any person purchasing, receiving by gift, device or otherwise, acquiring or otherwise coming into permanent possession of a firearm, the possession of which is permitted by this chapter, shall register the same with the Department within three (3) working days after acquiring said firearm on the forms specified by the Department. Such facts and information shall be given so as to enable the Department to record for identification purposes the firearm so registered. It shall be unlawful for any person to own or possess any firearm which has not been registered. No firearm may be registered by the Department unless the person presenting the firearm also displays current identification card evidencing his eligibility to own, possess, use or carry the firearm presented for inspection as to the facts required for registration. . . .

10 G.C.A. § 60110. In this case, the grand jury heard testimony from Guam Police Department Officer Jay Reyes Cruz, who presented evidence that the guns were brought to Defendant's house the day before Defendant was arrested by his brother who he only knows as "B"; that Defendant held the guns to see how they felt and described them as heavy; that Defendant did not know how the guns ended up in his room; that Defendant admitted to not possessing a valid firearms identification and that he knew he should not have any firearms in his possession. No evidence was presented regarding the registration status of either the rifle or the pistol, nor was any evidence presented that Defendant was in permanent possession of either firearm found during the search. Therefore, as there was no evidence presented to the grand jury of the actual registration status of the firearms, the Fourth Charge of Possession of an Unregistered Firearm (As a Third Degree Felony) – Counts One and Two should be dismissed.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion to Dismiss, and dismisses the Fourth Charge of Possession of an Unregistered Firearm (As a Third Degree Felony) – Counts One and Two and the attached Notice: Commission of a Felony While on Felony Release without prejudice.

IT IS SO ORDERED this 25th day of February, 2022.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:
AG, G. Rudolph

Date: 2/25/22 Time: 2:14pm

Deputy Clerk, Superior Court of Guam

People v. Cruz
Case No. CF0157-21
Decision and Order

Page 4 of 4